The following is the opinion of the referee:
Geo. G. Reynolds, Referee.
The testimony on which plaintiff relies to show the agreement set up in the complaint is too loose and unsatisfactory to lay a foundation for the relief asked for. The only witness who testifies to having heard any conversation between the parties on the subject in dispute is William Hodgins, who says, that “ Emily promised if Sarah put the money in the house and anything happened to her, the' place was to be hers.’’ This was when five hundred dollars was advanced by plaintiff, and yet this witness in a letter written November 3,1890, speaks of this sum as having been lent to Mrs. Butler, and of her claim “ for the 500,” without any suggestion of the promise which he now swears to. Besides, the part which this witness has taken in this family controversy, as shown by that letter, detracts considerably from the weight o£ his testimony.
The testatrix and plaintiff lived together upon the premises in question from 1876 till the death of the former, a period of about fourteen years. The will was made in 1881. Both before and after the making of her will the testatrix seems frequently to have stated to her friends her intention in reference to the provision to be made for plaintiff. The recollection of the witnesses may not be, and probably is not, accurate as to the exact words used by her, but as they state it, she said the house was to be Sarah’s after she was done with it, that if she died first it should go to Mrs. Judd; that the house would be Sarah’s; that she should try to see that what there was should go to her to take care of her; that it should revert to her ; that her property should go to her sister on her death. All this testimony is to be interpreted by the one great landmark in the case, the will. All these expressions are met in one sense by the disposition of the property which the will makes. There is no reason to suppose the testatrix was acting in bad faith towards the plaintiff, or that she intended to deceive her or her friends. When she spoke of the property going to Sarah, of the home being hers, of the-property going to her to take care of her, she doubtless meant just what the will provided ; that the plaintiff should have all her property as long as she (plaintiff) lived. If- these declarations are to be regarded as admissions by *542 her of any arrangement or agreement between her and, plaintiff (and they can have no force in any other aspect), they cannot carry us beyond what clearly appears to have been the position of the case, in her own mind, as evinced by a solemn act, adhered to so many years, and down to the time of her death.
Thomas J. Keigharn, for app’lt; A. P. Bates, for resp’t, Burrell; Thos. M. Wyatt (John H. McCracken, of counsel), for resp’t, Gaze.
I am the better satisfied to arrive at this conclusion as, so far as the case discloses, there seems to be a natural equity in this disposition of the property.
Having come to this result, it becomes unnecessary to consider the questions of law discussed upon the briefs.
I should' have been inclined to give costs against the plaintiff, except for the fact that if costs are allowed at all, there are three defendants appearing separately, equally entitled, and under all the circumstances the amount of these bills would be rather oppressive to the plaintiff. She has stipulated to pay referee’s and stenographer’s fees in any .event, and beyond that I leave each party to pay his or her own costs.
Barnard, P. J.
The evidence does not the restricted finding of the referee that the agreement was to be limited to the life of the plaintiff. The fact is clear and is fully proven that the plaintiff advanced some $800 to free the land from a pressing mortgage. That the parties lived together; the plaintiff and her sister Mrs. Butler. Thatffhey made an arrangement that they should so live, and one go out as nurse and the other either did the same work or kept boarders. That all the plaintiff’s money went into the family support, while Mrs. Butler lived; that the agreement was unrestricted that the plaintiff had given the money under an agreement “ to live together and work together and clear off the expense of the house and in future years they should live together, and the house was to be Sarah’s, after she had done with it.” Some two years before she, Mrs. Butler, died, she stated, “Well, of course, if I die first, the house will be Sarah’s.” The will which gave a life estate was made some years before this statement.
The plaintiff is entitled to a reversal of the judgment, and a new trial at special term, with costs to abide event.
Pratt, J., concurs; Dykman, J., dissents.